# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### STATE OF TENNESSEE v. KENNETH LEE WESTON

**Appeal from the Criminal Court for Knox County**
**No. 79022     Ray Jenkins, Judge**

**No. E2004-00681-CCA-R3-PC - Filed April 22, 2005**

The petitioner, Kenneth Lee Weston, appeals the trial court's dismissal of his petition for post-conviction relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petition was properly dismissed as barred by the statute of limitations. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Kenneth Lee Weston, Wartburg, Tennessee, pro se.

Paul G. Summers, Attorney General & Reporter; Seth P. Kestner, Assistant Attorney General; Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In 1988, the petitioner was convicted by a Knox County jury for robbery with a deadly weapon. He was sentenced to life imprisonment as an habitual offender. On appeal, this court affirmed the trial court's judgment. See State v. Kenneth Lee Weston, No. 1235 (Tenn. Crim. App. Nov. 20, 1989), app. denied (Tenn. Mar. 5, 1990). The petitioner filed petitions for post-conviction relief in April 1990 and November 1991. At the conclusion of various direct and discretionary appeals and further proceedings in the trial court, post-conviction relief was denied in both cases and the judgments were affirmed on appeal. See Kenneth Lee Weston v. State, No. 03C01-09805-CR-00190 (Tenn. Crim. App. June 3, 1999); Kenneth Lee Weston v. State, No. E2001-01053-CCA-RM-PC (Tenn. Crim. App. Aug. 27, 2002), app. denied (Tenn. Jan. 27, 2003).

On January 27, 2004, the petitioner filed the instant post-conviction relief petition. He challenged his conviction based on claims of an illegal arrest, fatally defective presentments,

insufficient evidence, and erroneous jury instructions. In addition, the petitioner reasserted his previously raised claim that he received ineffective assistance of counsel at trial. Noting that the petitioner's previous petitions had been dismissed, the trial court dismissed the petition without further explanation. The instant appeal followed.

We observe that the instant, third petition is governed by the provisions of the Post-Conviction Procedure Act which became effective on May 10, 1995. See Tenn. Code Ann. §§ 40-30-101 - 40-30-122. Section 40-30-102 (a) provides that a person must petition for post-conviction relief within one year of the date on which the judgment became final or consideration of the petition will be time-barred. The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." Id. In addition, the Act "contemplates the filing of only one (1) petition for post-conviction relief." Tenn. Code Ann. § 40-30-102(c). "In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." Id.

In the present case, the petition was filed well beyond the applicable one-year limitations period. None of the limited exceptions thereto apply. See Tenn. Code Ann. § 40-30-102(b). Further, the petitioner fails to assert any reason for his failure to include the claims he now seeks to pursue in his previously filed post-conviction petitions. For these reasons, the trial court properly dismissed the petition.

Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JAMES CURWOOD WITT, JR., JUDGE